UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN PAUL BOWDIDGE,

    Plaintiff,

v.                                      Case No. 1:16-cv-772

COMMISSIONER OF SOCIAL        Hon. Janet T. Neff
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits. Upon stipulation of the parties, the Court reversed and remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order and Judgment (ECF Nos. 20 and 21). This matter is before the Court on the plaintiff's motion (ECF No. 22) and supplemental motion (ECF No. 25) for allowance of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $7,961.00. Defendant objects on the ground that the hourly rate charged by plaintiff's counsel and the number of hours charged by counsel are excessive.

    **I.**    **Discussion**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Plaintiff has met the three criteria to be eligible for an EAJA award. First, plaintiff is the prevailing party. *Marshall*, 444 F.3d at 840. Second, by not opposing the application, the government has failed to demonstrate that its action was substantially justified. *Id.* Third, no special circumstances exist in this case to make an award unjust. *Id.*

The next step is to determine the amount of fees to be awarded under the EAJA, which provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191 (Fed. Cl. 2011). Thus, the statutory rate for EAJA fees has remained the same for two decades since the last increase.

Plaintiff seeks fees for 5.6 hours spent on this case by Attorney Randal S. Forbes, 32.2 hours spent on this case by Attorney Jason S. Rodman incurred prior to entry of judgment, and an additional 4.1 hours spent by Attorney Rodman after judgment, for a total of 41.9 hours of time

spent at an hourly rate of $190.00 (ECF No. 25-1). It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of the statutory fee of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00. *See, e.g.*, *Malewitz v. Commissioner of Social Security*, No. 1:12-cv-1285, 2014 WL 3354017 (W.D. Mich. July 9, 2014); *Nichols v. Commissioner of Social Security*, No. 1:09-cv-1091, 2012 WL 1189764 (Report and Recommendation) (W.D. Mich. March 19, 2012), adopted in 2012 WL 1190175 (Order) (April 9, 2012); *Mueller v. Commissioner of Social Security*, 1:09–cv–695, 2011 WL 2648703 (W.D. Mich. July 6, 2011); *Karadsheh v. Commissioner of Social Security*, 1:08–cv–988, 2010 WL 4259644 (Report and Recommendation) (W.D. Mich. Sept.17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010).

The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan. Kent County, a well populated county in the center of the southern division of this district, is home to the state's second largest city and a venue of this Court, and is well situated for determining a proper market rate. *Cf. B & G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 663 (6th Cir. 2008) (appropriate rate for attorney fees under the lodestar method "is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation") (McKeague, J.) (internal quotation marks omitted). The mean hourly billing rate for attorneys in Kent County is $298.00, an amount which is 138% higher than the statutory rate set forth in the EAJA. *See Economics of Law Practice in Michigan*, Michigan Bar Journal, Vol. 93, No. 9 at p. 26 (2014 Survey) (Sept. 2014). A significant majority of attorneys in

Kent County (i.e., 75%) bill at an hourly rate exceeding $208.00, an amount which is 66% higher than the EAJA statutory rate. *Id.* Statewide, the mean hourly billing rate for public benefits attorneys in Michigan is $231.00, an amount which is 85% higher than the EAJA statutory rate. *Id.* at p. 25. A significant majority of public benefits attorneys statewide (i.e., 75%) bill at an hourly rate exceeding $180.00, an amount which is 44% higher than the EAJA statutory rate. *Id.* The reality is that most attorneys in Kent County, and most public benefits attorneys statewide, bill at hourly rates far in excess of the EAJA hourly rate of $125.00. Restricting attorney fees to the statutory rate - which has not changed in two decades - will limit the availability of qualified attorneys for Social Security Appeals in this area. Given these considerations, I conclude that the previously allowed rate of $175.00 is a reasonable attorney fee for EAJA awards to successful plaintiffs in Social Security Appeals.

Plaintiff's counsel seeks an hourly rate of $190.00, primarily due to an increase in the consumer price index (CPI), pointing out that this Court has set an "arbitrary cap" to EAJA fees which is "not in line with an inflation-adjusted hourly rate." Brief (docket no. 22, PageID.709-712). As discussed, *infra*, the $175.00 fee is neither "arbitrary" nor a "cap." While plaintiff seeks an increased EAJA fee based upon inflation, "reference to the CPI alone is insufficient to sustain a plaintiff's burden; a plaintiff must also submit evidence that the requested rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Caviness v. Commissioner of Social Security*, -- Fed. Appx. --, No. 15-2002, 2017 WL 838284 at *2 (6th Cir. March 3, 2017). Plaintiff has failed to meet this burden to demonstrate that his attorney entitled to an EAJA fee at an hourly rate of $190.00. Accordingly, I conclude that plaintiff's proposed hourly rate of $190.00 should be reduced to $175.00.

I also agree with defendant that plaintiff's counsel seeks an excessive amount of time for the work performed in this matter. In the Court's experience, counsel seeking EAJA fees related to Social Security Appeals spend in the range of 15 to 30 hours working on these appeals, with 40 hours being the "outer limits." *See, e.g.*, *Mueller*, 2011 WL 2650651 (23.5 hours); *Cooper v. Commissioner of Social Security*, 1:09-cv-40, 2011 WL 3269446 (W.D. Mich. April 11, 2011) (32.75 hours); *Karadsheh*, 2010 WL 4259644 (14.7 hours); *Huls v. Commissioner of Social Security*, 1:07-cv-748, 2008 WL 1932429 (W.D. Mich. May 1, 2008) (22.0 hours). *See also, Flamboe v. Commissioner of Social Security*, No. 1:12-cv-606, 2013 WL 1914546 at *2 (W.D. Mich. May 8, 2013) ("[a]lthough exceptions exist and each case is examined on its own merits, 40 hours generally marks the 'outer limits' of a reasonable expenditure of time on this type of case"). *See Minor v. Commissioner of Social Security*, 1:10-cv-782 (Report and Recommendation (Oct. 27, 2016) (ECF 66, PageID.1470-1471) (observing that a recent review of 98 EAJA motions filed in this district in 2013 through 2016 "revealed that the average number of total hours requested by counsel was 24.9 and the average number hours actually found reasonable was 23.17").

Here, plaintiff's counsel spent 37.8 hours on this case prior to entry of judgment. The timesheet reflects that on June 5 and 6, 2016, Attorney Forbes charged 3.5 hours for "Review and research ALJ decision in order to evaluate the issues for appeal and compliance with Rule 11." PageID.744. Attorney Forbes also spent 2.1 hours meeting with plaintiff, drafting the complaint, reviewing notices, and docketing deadlines. *Id*. Over a 19-day period from September 9, 2016 through September 28, 2016, Attorney Rodman charged 21.5 hours to review the administrative record and perform preliminary research, using the single entry, "Review Administrative Record, Research and Prepare Outline - review key details for closer review - close review of medical facts

5

in particular, as well as contexts in both ALJ decisions - medical research, legal research, and vocational research." *Id*. Then, Attorney Rodman spent an additional 9.25 hours on September 28, 2016 to "Draft and Revise Plaintiff's Opening Brief." *Id*. These charges indicate both an overlapping of time spent between the two attorneys performing an initial evaluation of this case, and excessive time charged by Attorney Rodman in preparing the brief.

This appeal was fairly typical involving three issues, no oral arguments or supplemental briefing, and an administrative record which was of about average length.[1] This case should have required less work than the typical case, because it was resolved on a stipulation; plaintiff's counsel was not required to review a response brief or draft a reply brief. In addition, the issues raised in this appeal are addressed by the Court on a regular basis, *e.g.*, that the ALJ erred in identifying a severe impairment, that the ALJ erred in addressing a claimant's alcohol abuse, that the ALJ erred by misapplying the rules announced in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and that the ALJ erred in evaluating the opinion of a treating physician. *See Flamboe*, 2013 WL 1914546 at *2 (the "vast majority of social security appeals . . . involve a largely settled area of law, require no discovery, and follow a precise briefing schedule"). While counsel suggests that this case was unique, stating that "most cases do not require tracking down an

---

[1] The administrative records in my 20 most recent opinions ranged in size from 332 pages to 1,444 pages, with an average length of 605 pages. *See LeBleu v. Commissioner*, 1:16-cv-127; *Black v. Commissioner*, 1:15-cv-1230; *Myland v. Commissioner*, 1:16-cv-44; *Johnson v. Commissioner*, 1:15-cv-1239; *Monck v. Commissioner*, 1:15-cv-1167; *Fishel v. Commissioner*, 1:15-cv-1271; *Tyson v. Commissioner*, 1:16-cv-130; *Lubben v. Commissioner*, 1:15-cv-1204; *Tapley v. Commissioner*, 1:15-cv-1181; *Rowe v. Commissioner*, 1:15-cv-1145; *Hodges v. Commissioner*, 1:15-cv-1119; *DeJaegher v. Commissioner*, 1:15-cv-1093; *Goodrich v. Commissioner*, 1:15-cv-1002; *Springett v. Commissioner*, 1:15-cv-998; *Cross v. Commissioner*, 1:15-cv-522; *Coscarelli v. Commissioner*, 1:15-cv-817; *Starling v. Commissioner*, 1:15-cv-827; *Tiggelman v. Commissioner*, 1:15-cv-786; *Rawson v. Commissioner*, 1:15-cv-973; and, *Miller v. Commissioner*, 1:15-cv-534. Based on my experience, the 610-page administrative record in this case was about average in length.

old prior opinion directly germane to the case but left out of the administrative record" (Reply at PageID.740), it is unclear to which opinion plaintiff refers. The *Drummond* issue arose from a previous ALJ's opinion from June 17, 2011, which appeared in the administrative record as Exhibit 1A (docket no. 7-3, PageID.121). In this regard, there is no charge for time expended in obtaining a copy of an earlier ALJ's decision or supplementing the administrative record.

Finally, counsel's record keeping is not adequate for purposes of awarding attorney fees. "The key requirement for an award of attorney fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (internal quotation marks and brackets omitted). Plaintiff's billing, which includes vague references to work performed over a number of weeks, does not meet this requirement. Given these considerations, the pre-judgment time spent on this case (37.8 hours) is excessive and the timesheets inadequate. "When confronted with a request for the award of attorney's fees in the face of inadequate billing records, courts in the Sixth Circuit often apply across-the-board fee reductions." *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 748 (E.D. Mich. 2014) (internal quotation marks omitted). *See also, Communities for Equity v. Michigan High School Athletic Association*, No. 1:98–cv–479, 2008 WL 906031 at *4 (W.D. Mich. March 31, 2008) ("the propriety of simple across-the-board reductions by a certain percentage has been recognized by the Sixth Circuit as an appropriate mechanism for penalizing duplication and other billing problems"). Accordingly, the undersigned recommends an across the board reduction of 20% (7.56 hours) for a resulting charge of 30.24 hours.

Post-judgment, Attorney Rodman spent 3.3 hours during a 22-day period (December 7, 2016 through December 29, 2016) preparing the EAJA application.[2] This was followed by a charge of 0.8 hours for preparing a reply related to the fee application. PageID.744. The amount of time spent preparing an application for EAJA fees based upon a Social Security Appeal remand appears excessive and the billing record inadequate. For that reason, the time spent on the EAJA fee application also should be reduced by 20% (0.82 hour) for a resulting charge of 3.28 hours.

Accordingly, plaintiff's counsel's time spent on this case should be reduced by 8.38 hours to 33.52 hours, which results in a fee of $5,866.00 (33.52 hours x $175.00).

## II. RECOMMENDATION

I respectfully recommend that the plaintiff's motions for allowance of attorney fees under the EAJA (ECF Nos. 22 and 25) be **GRANTED IN PART** and that defendant pay plaintiff attorney fees in the amount of **$5,866.00**.[3]

Dated: May 2, 2017         /s/ Ray Kent
                           RAY KENT
                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] The description for this charge is as follows, "EAJA Application and TimeSheet - case law research, including parsing language and relevant holdings - drafting argument for development of WDMI case law loyal to statutory and prior WDMI dictates." PageID.744.

[3] Whether this fee is paid to plaintiff or to her counsel is an administrative matter to be resolved by the government agency responsible for disbursing the funds.